## 34308. SMITH v. HART.

HALL, Justice.

This is Smith's appeal from an adverse order in his habeas corpus proceeding to avoid extradition to Florida to answer criminal charges there.

1. Smith's claim that he was absent from the demanding state at the time of the commission of the alleged crime is no longer cognizable in extradition proceedings. Michigan v. Doran, — U. S. — (99 SC 530, 58 LE2d 521) (1978); *Frazier v. Rutledge,* 243 Ga. 39 (1979).

2. Smith's argument that the fingerprints and photograph attached to the fugitive warrant and sent by Florida were inadmissible, is without merit. Under Code Ann. § 44-420, the identity of Smith as the fugitive sought is an issue. The fingerprints and photograph were used by the state to establish his identity, by comparison with prints and a photograph made of him by a state witness. These items were covered by the certification of authenticity by the Governor of Florida and therefore were admissible under Code Ann. § 38-630, even though they were copies and not originals. Any technical deficiency in the chain of authentication of the fingerprints or photograph was at most harmless error, considering that the extradition documents would have been complete without them, and that they are relevant only to identity, which Smith never denies. Therefore, the best evidence rule, Code Ann. § 38-203, is not applicable to exclude these copies of fingerprints. Concerning the photograph, under the same rationale the state had no need to lay any foundation by showing where and by whom the photograph was taken.

The habeas court did not err in ordering extradition. *Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 1, 1978 — DECIDED JANUARY 24, 1979.

*Ronald G. Shedd,* for appellant.
*F. Larry Salmon, District Attorney, Robert D.*

*Englehart, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.